IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02200-BNB

BRUCE CLIFFORD PETERSON,

     Plaintiff,

v.

BRIAN MATOS - #05107, D.P.D. Badge No.,
RHODERIC PATRICK III - #04085, D.P.D. Badge No.,
JACOB ROBB - #04021, D.P.D. Badge No.,
GREGORY ZIMMERMAN - #00014, D.P.D. Badge No.,
NOEL IKEDA - #00059, D.P.D. Badge No.,
CRAIG KLUKAS - #03010, D.P.D. Badge No.,
DANIEL J. STEELE - #99023, D.P.D. Badge No.,
DANIEL L. OBANNON - #95009, D.P.D. Badge No.,
CHARLES BUTLER - #B92008, D.P.D. Badge No.,
CITY AND COUNTY OF DENVER,
JOHN DOE #1 (name of person's identity unknown),
JANE DOE #1 (name of person's identity unknown),
JANE DOE #2 (name of person's identity unknown),
JOHN DOE #2 (known only as Dr. Crum),
WILLIAM LOVINGER, Director of Corrections, and
JOHN DOE #3 (known only as Chaplain Scott),

     Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 2 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Bruce Clifford Peterson, is a prisoner in the custody of the Denver Sheriff Department. Mr. Peterson has filed a *pro se* civil rights complaint for money damages and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). He alleges that his constitutional rights have been violated. He paid the $350.00 filing fee on September 21, 2009.

The Court must construe the complaint liberally because Mr. Peterson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Peterson will be ordered to file an amended complaint.

The Court has reviewed the complaint and finds that it is deficient. Defendant City and County of Denver is not a proper party to this action. Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Peterson cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

In addition, Mr. Peterson's claims are confusing. They appear to concern the actions taken by police officers prior to his arrest, as well as the conditions of his current confinement. One reason the complaint is confusing is because Mr. Peterson's handwriting is hard to read and makes understanding his allegations difficult. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. Another reason the complaint is difficult to read is because the complaint is single-spaced. Therefore, the amended complaint Mr. Peterson will be directed to file, whether

handwritten or typed, shall be double-spaced and legible.

Mr. Peterson also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Peterson must show how the defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as William Lovinger, may not be held liable on a theory of respondeat superior merely because of his supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Peterson may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Peterson uses fictitious names he must provide sufficient information about such defendants so that they can be identified for purposes of service.

Lastly, the amended complaint Mr. Peterson will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767

F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Peterson to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff, Bruce Clifford Peterson, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Peterson, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Peterson fails to file an amended complaint within the time allowed, the complaint and the action will be dismissed without further notice.

DATED September 22, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02200-BNB

Bruce Clifford Peterson
Prisoner No.  1626805/0549093
Denver County Jail
P.O. Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on ___9/22/09___

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk